**United States District Court**
For the Northern District of California

1

2

3

4                     IN THE UNITED STATES DISTRICT COURT

5                    FOR THE NORTHERN DISTRICT OF CALIFORNIA

6

7                                                    No. C 09-03892 WHA
                                                     No. C-09-03895 WHA
8                                                    No. C-09-03896 WHA
     MALINKA TACUMA WADE MOYE,                       No. C-09-03897 WHA
9                                                    No. C-09-03899 WHA
              Plaintiff,                             No. C-09-03900 WHA
10                                                   No. C-09-03902 WHA
        v.
11
     CITY AND COUNTY OF SAN FRANCISCO,
12   *et al.*                                        **ORDER DISMISSING**
                                                     **COMPLAINTS**
13            Defendants.
                                              /
14

15

16        On August 25, 2009, plaintiff filed the seven above-captioned actions.  The "facts"

17   alleged in each of the complaints consist of short, incomplete and ungrammatical sentences.

18   While some of the underlying facts alleged in each action differ slightly, to the extent they are

19   comprehensible at all they allege an illegal transfer of an estate, false imprisonment, robbery

20   and attempted murder and/or conspiracy to commit murder, all aided by the San Francisco

21   courts, San Francisco Police Department, San Francisco Sheriff Department and Office of the

22   Public Defender, among others.  None of the complaints comprehensibly states the basis for any

23   of plaintiff's claims.

24        Other than the brief sentence fragments described above, there is nothing in any of the

25   complaints that states where events occurred giving rise to plaintiff's claims, when they

26   occurred or how plaintiff has any basis for bringing these claims.  Each of the complaints

27   asserts that jurisdiction is predicated on 28 U.S.C. 1332, which codifies jurisdiction based on

28   diversity of citizenship.  Other than the amount in controversy, however, there are no facts

     alleged in any of the complaints that set forth the citizenship of the various parties such that

United States District Court
For the Northern District of California

1   diversity jurisdiction can be established.  The other federal statutes cited by plaintiff are not

2   ones that give rise to private civil claims.  Thus, the complaints each fail to show either

3   diversity or federal question jurisdiction on their face and must be dismissed.

4         A district court may dismiss a complaint *sua sponte* if federal subject matter jurisdiction

5   is lacking or if a complaint is frivolous.  *See* 28 U.S.C. 1915(e)(2); *Cato v. United States* 70

6   F.3d 1103, 1106 (9th Cir. 1995).  A complaint is frivolous if it "lacks an arguable basis either in

7   law or in fact."  *Neitzke v. Williams* 490 U.S. 319, 325 (1989) (superceded on other grounds by

8   reason of adoption of section 1915(e) which makes dismissal for failure to state a claim

9   mandatory).  Where a complaint alleges facts that are "clearly baseless," "fanciful" or

10  "delusional" it may be dismissed as frivolous.  *Denton v. Hernandez* 504 U.S. 25, 32–33 (1992).

11  If a pro se plaintiff can cure the factual allegations in order to state a claim, he must be given

12  leave to do so.  *Lopez v. Smith* 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc).  However, if

13  repleading cannot cure the deficiencies, the complaint may be dismissed without leave to

14  amend.  *See Cato*, 70 F.3d at 1106.

15        On October 6, 2009, plaintiff was ordered to show cause why his complaints in the

16  seven above-captioned actions should not be dismissed for failure to state a claim.  Although he

17  was given two chances, he did not file a responsive answer.

18        This order finds that plaintiff could not amend any of the seven above-captioned

19  complaints so as to state a plausible claim or one over which the Court would have jurisdiction.

20  Each of the complaints is therefore **DISMISSED WITHOUT LEAVE TO AMEND**.  The Clerk of

21  Court shall close the files.

22

23        **IT IS SO ORDERED.**

24

25  Dated:  October 27, 2009.

                                    WILLIAM ALSUP
26                                  UNITED STATES DISTRICT JUDGE

27

28